## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

BOBBY L. WILLIS, Individually and
as trustee of the BOBBY L. WILLIS
AND CARRIE S. WILLIS TRUST,
WILLIS ASSET MANAGEMENT, LLC,
JTB DEVELOPMENT PROPERTIES 3,
LLC, and JTB DEVELOPMENT
PROPERTIES 4, LLC,

     Plaintiffs

v.                               Case No: 1:16-cv-167-SCY-LF

QUENTIN SMITH, and STOREY & CLYDE, INC.

     Defendants,

And

QUENTIN SMITH and STOREY & CLYDE, INC.,

     Counterclaimants,

v.

BOBBY WILLIS,

     Counter-Defendant.

## ANSWER TO COMPLAINT
## AND COUNTERCLAIMFOR FRAUD AND OTHER CLAIMS

COME NOW Defendants QUENTIN SMITH, ("Smith") and STOREY & CLYDE, INC.

("SCI") (collectively "Defendants"), through their counsel of record, GONZALES LAW FIRM,

LLC (Steven L. Gonzales, Esq.), and for their Answer to the Complaint for Fraud and Other

Claims ("Complaint") by the Plaintiffs, state as follows:

1.      Admit paragraph 1 of the Complaint.

2.      Admit that Smith is an owner of SCI, and that SCI sold certain gemstones and jewelry to Bobby Willis.  Deny the remainder of paragraph 2 of the Complaint, if any.

3.      Admit that Smith appeared on a broadcast television show entitled "Gemsmiths TV."  Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 3 of the Complaint and upon that basis deny the same.

4.      Defendants admit that Bobby Willis has conducted transactions with Smith in the past.  Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 4 of the Complaint, and upon that basis deny the same.

5.      Deny paragraph 5 of the Complaint.

6.      Deny paragraph 6 of the Complaint.

7.      Deny paragraph 7 of the Complaint.

8.      Admit that Smith has provided appraisals to Bobby Willis.  Deny the remaining allegations contained in paragraph 8 of the Complaint.

9.      Defendants are without sufficient information to admit or deny whether Willis forwarded any appraisals to third persons.  Deny the remaining allegations contained in paragraph 9 of the Complaint.

10.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 10 of the Complaint, and upon that basis deny the same.

11.     Admit there was a project called American Medical Clinic, which was sometimes referred to as the "VA" project.  Defendants deny the remaining allegations contained in paragraph 11 of the Complaint.

12.     Deny paragraph 12 of the Complaint.

13.     Deny paragraph 13 of the Complaint.

14.    Deny paragraph 14 of the Complaint.

15.    Deny paragraph 15 of the Complaint.

16.    Deny paragraph 16 of the Complaint.

17.    Deny paragraph 17 of the Complaint.

18.    Deny paragraph 18 of the Complaint.

19.    Deny paragraph 19 of the Complaint.

20.    Deny paragraph 20 of the Complaint.

21.    Deny paragraph 21 of the Complaint.

22.    Deny paragraph 22 of the Complaint.

23.    Deny paragraph 23 of the Complaint.

24.    Deny paragraph 24 of the Complaint.

25.    Deny paragraph 25 of the Complaint.

26.    Admit that in or around November 2011, Smith entrusted certain gemstones and jewelry to Bobby Willis for temporary safekeeping.  Deny the remaining allegations contained in paragraph 26 of the Complaint.

27.    Deny paragraph 27 of the Complaint.

28.    Deny paragraph 28 of the Complaint.

29.    Deny paragraph 29 of the Complaint.

30.    Deny paragraph 30 of the Complaint.

31.    Deny paragraph 31 of the Complaint.

32.    Deny paragraph 32 of the Complaint.

33.    Deny paragraph 33 of the Complaint.

34.     Admit that Smith's jewelry and gemstones came to be located in Missouri.  Deny the remaining allegations contained in paragraph 34 of the Complaint.

35.     Deny that Defendants made any donations to AMC.  Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 35 of the Complaint, and upon that basis deny the same.

36.     Admit paragraph 36 of the Complaint.

37.     Admit paragraph 37 of the Complaint.

38.     Admit paragraph 38 of the Complaint.

39.     Admit that Bobby Willis embezzled jewelry and gemstones from Smith, that Smith reported Willis' embezzlement to law enforcement authorities, and that charges have been filed against Bobby Willis for his criminal conduct.  Deny the remaining allegations contained in paragraph 39 of the Complaint.

40.     Admit that Smith signed a statement under oath, which statement is truthful and speaks for itself.  Deny the remaining allegations contained in paragraph 40 of the Complaint.

41.     Admit paragraph 41 of the Complaint.

42.     Admit Smith provided authorities with an inventory of the jewelry and gemstones.  Deny the remaining allegations contained in paragraph 42 of the Complaint.

43.     Deny paragraph 43 of the Complaint.

44.     Deny paragraph 44 of the Complaint.

45.     Deny paragraph 45 of the Complaint.

46.     Deny paragraph 46 of the Complaint.

47.     Deny paragraph 47 of the Complaint.

48.     Defendants are without sufficient information to admit or deny the amount of attorneys fees and costs Willis has incurred defending himself in any of the criminal actions against him.   Defendants deny the remaining allegations contained in paragraph 48 of the Complaint.

49.     Deny paragraph 49 of the Complaint.

50.     Deny paragraph 50 of the Complaint.

51.     Deny paragraph 51 of the Complaint.

52.     Deny paragraph 52 of the Complaint.

53.     In response to paragraph 53 of the Complaint, Defendants incorporate their prior responses as though set forth verbatim.

54.     Deny paragraph 54 of the Complaint.

55.     Deny paragraph 55 of the Complaint.

56.     In response to paragraph 56 of the Complaint, Defendants incorporate their prior responses as though set forth verbatim.

57.     Deny paragraph 57 of the Complaint.

58.     Deny paragraph 58 of the Complaint.

59.     Deny paragraph 59 of the Complaint.

60.     In response to paragraph 60 of the Complaint, Defendants incorporate their prior responses as though set forth verbatim.

61.     Deny paragraph 61 of the Complaint.

62.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 62 of the Complaint, and upon that basis deny the same.

63.     Deny paragraph 63 of the Complaint.

64.     Deny paragraph 64 of the Complaint.

65.     Deny paragraph 65 of the Complaint.

66.     Deny paragraph 66 of the Complaint.

67.     Deny paragraph 67 of the Complaint.

68.     Deny paragraph 68 of the Complaint.

69.     Deny paragraph 69 of the Complaint.

70.     In response to paragraph 70 of the Complaint, Defendants incorporate their prior responses as though set forth verbatim.

71.     Deny paragraph 71 of the Complaint.

72.     Deny paragraph 72 of the Complaint.

73.     In response to paragraph 73 of the Complaint, Defendants incorporate their prior responses as though set forth verbatim.

74.     Deny paragraph 74 of the Complaint.

75.     Deny paragraph 75 of the Complaint.

76.     Deny paragraph 76 of the Complaint.

77.     In response to paragraph 77 of the Complaint, Defendants incorporate their prior responses as though set forth verbatim.

78.     Deny paragraph 78 of the Complaint.

79.     Deny paragraph 79 of the Complaint.

80.     Deny paragraph 80 of the Complaint.

81.     In response to paragraph 81 of the Complaint, Defendants incorporate their prior responses as though set forth verbatim.

82.     Deny paragraphs 81 of the Complaint.

83.     In response to paragraph 83 of the Complaint, Defendants incorporate their prior responses as though set forth verbatim.

84.     Deny paragraphs 84 of the Complaint.

85.     Deny paragraphs 85 of the Complaint.

86.     Deny paragraphs 86 of the Complaint.

87.     Deny paragraphs 87 of the Complaint.

88.     In response to paragraph 88 of the Complaint, Defendants incorporate their prior responses as though set forth verbatim.

89.     Deny paragraph 89 of the Complaint.

90.     Deny paragraph 90 of the Complaint.

91.     In response to paragraph 91 of the Complaint, Defendants incorporate their prior responses as though set forth verbatim.

92.     Deny paragraph 92 of the Complaint.

93.     Admit paragraph 93 of the Complaint.

94.     Deny paragraph 94 of the Complaint.

95.     Deny paragraph 95 of the Complaint.

96.     In response to paragraph 96 of the Complaint, Defendants incorporate their prior responses as though set forth verbatim.

97.     Deny paragraph 97 of the Third Party Complaint.

98.     Defendants deny any and all allegations contained in the Complaint that are not specifically admitted hereinabove.

## AFFIRMATIVE DEFENSES

1.      The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2.      The Complaint is barred to the extent it makes claims for which the statute of limitations has expired.

3.      The Complaint is barred to the extent of the Plaintiffs' contributory negligence.

4.      The Complaint is barred to the extent Plaintiffs' damages, which are specifically denied, were caused by the negligence of Plaintiffs and/or third persons other than Defendants.

5.      The Complaint is barred by the doctrine of estoppel.

6.      The Complaint is barred to the extent of a failure of consideration.

7.      Defendants breached no promises to Plaintiffs.

8.      Plaintiffs are not third-party beneficiaries of any contract allegedly breached by Defendants.

9.      The Complaint is barred due to a failure of mutual assent to any contract allegedly breached by Defendants.

10.      Defendants are not parties to any contract between Ronnie Garner and Plaintiffs that was breached by Ronnie Garner.

11.      Defendants never received any gold or silver giving rise to any duties regarding the same.

12.      Defendants owed no fiduciary duties to Plaintiffs.

13.      At all times, Defendants acted in good faith.

14.      At all times, Defendants, or any of them, acted in accordance with the business judgment rule, thus precluding recovery against them.

15.     NMSA §58-13B-1, *et seq*. is repealed, and therefore Plaintiffs cannot recover thereunder in this action.

16.     NMSA §30-16-6 does not authorize civil causes of action.

17.     Defendants never induced Willis to invest in AMC.

18.     Plaintiffs did not rely to their detriment upon any representations of Defendants.

19.     The Complaint is barred by the doctrines of fraud and unclean hands.

20.     The Complaint is barred by the doctrine of illegality.

21.     The Complaint is barred by the doctrine laches.

22.     The Complaint is barred by the statute of frauds.

23.     The Complaint is barred by the doctrine of waiver.

24.     The Complaint is barred to the extent of any offset in favor of the Defendants.

25.     Plaintiffs suffered no damages.

26.     The gemstones and jewelry are the property of Quentin Smith and his wife, and were never promised to Willis or any other person.

27.     The organs are the property of SCI, and were never promised to Willis or any other person.

28.     All reports made by Smith to law enforcement authorities are true.

29.     All statements alleged to be defamatory are true and/or privileged.

30.     Bobby Smith has a reputation as a fraudster, and could not possibly have suffered damages from any defamatory statement made by Defendants.

31.     Plaintiffs' claims for abuse of process and defamation are barred because any statements by Defendants that give rise to the same are privileged.

32.     No conduct of Defendants was wanton, willful, intentional, or otherwise performed with sufficient scienter to give rise to punitive damages.

33.     Plaintiffs' punitive damages are barred to the extent they violate due process protections of the United States and New Mexico constitutions.

34.     Plaintiffs' constructive trust claim must fail as a result of Plaintiffs' failure to join indispensable parties.

35.     Plaintiffs' claim for accounting is an attempt to shift attorneys fees in violation of the American Rule governing attorneys fees in New Mexico.

36.     Defendants were not part of any conspiracy as alleged in the Complaint.

37.     Plaintiffs' claims are barred to the extent Plaintiffs lack standing to bring them.

38.     Plaintiffs claims are barred to the extent Plaintiffs are not the real parties in interest for the claims.

39.     Defendants did not convert any property belonging to Plaintiffs for their own use.

WHEREFORE, having fully responded to the Complaint, Defendants Quentin Smith and Storey & Clyde, Inc. respectfully request the court to enter judgment in their favor, for an award of costs, for an award of attorney's fees in the greatest amount allowable by law, and for such other and further relief as the court deems just.

## COUNTERCLAIM

Counterclaimants Quentin Smith ("Smith") and Storey & Clyde, Inc. ("SCI"), for their counterclaim against Counter-defendant Bobby Willis ("Willis"), state as follows:

### Parties and Venue

1.     Smith is a resident of the State of California.

2.      SCI is a Nevada Corporation with its principal place of business in the State of California.

3.      Willis is a resident of the State of New Mexico.

4.      The events that give rise to this counterclaim occurred in the District of New Mexico.

5.      This court has jurisdiction over this cause.

## General Allegations

6.      In or around 2007, Willis made a transaction with SCI for the sale of gemstones to Willis by SCI.  Willis requested to make payment in the form of one-ounce American Gold Eagle coins to SCI.  SCI agreed to accept the coins as a method of payment.

7.      SCI delivered the gemstones to Willis, but Willis failed to make payment in the full amount.  Willis failed to pay three (3) of the one-ounce American Gold Eagle coins at the time for payment, but promised he would do so.

8.      SCI has demanded payment, but Willis has failed to make payment.

9.      Willis also converted two valuable books belonging to Smith.  Smith is a nationally known brewer.  In or around December 2011, Smith placed two (2) books into Willis' possession, which books contained beer recipes for which Smith received many awards in national, international, and local competitions.

10.     Smith placed the books into Willis' possession at a time when Willis and Smith were making plans to open a brewpub business in Farmington, NM.  Smith provided the books temporarily for the purpose of establishing his bona fides in the field of brewing.

11.     Smith did not intend to give the books to Willis, and Willis knew, at the time he received the books, that Smith provided them only so that Willis could review them and return them to Smith.

12.     The books represent countless hours of Smith's work, and are his property, and have a very significant value due to the award-winning recipes, which are a valuable asset and marketing tool for any brewpub.

13.     Willis has failed to return them to Smith.

14.     In or around September 2011 to February 2012, at Willis' request, Smith provided business and administration services for the benefit of companies in which Willis had an interest. At Willis' request, Smith traveled to the Farmington, NM area to provide those services.

15.     Smith incurred substantial expenses in the course of providing such services, including four (4) moths of travel expenses, hotel expenses, and food expenses.

16.     Willis promised to reimburse Smith for the expenses, but Willis did not fully do so.

17.     In compensation for business and administration services that Smith provided at Willis' request, Willis promised to compensate Smith with a five (5) percent ownership interest in each company for which Smith provided services.

18.     Smith provided business and administration services, fulfilling his side of the bargain, but Willis failed to provide Smith with the ownership interests as promised, and/or provided interests that Willis knew to be worthless.  Smith has not been compensated for his services.

19.    In the course of the services Smith provided, in or around 2012, Willis requested that Smith purchase a Sony laptop computer and additional software for Willis' business purposes.

20.    Smith incurred expenses purchasing the computer and software.  Willis kept the computer and software.

21.    Willis never reimbursed Smith for the computer and software purchases as promised.

22.    In or around December 2011, Smith travelled to New Mexico for the purpose of providing business and administration services at Willis' request.  Smith was travelling with certain jewels and gemstones having a very significant monetary value.

23.    Smith and Willis agreed that Smith  could place Smith's jewels and gemstones in a safe at one of Willis' offices for safekeeping.

24.    When Smith requested return of his gemstones, Willis refused to return them. Instead, Willis claimed falsely that Willis had "donated" them to a company that was going to open a medical clinic. Willis later claimed, falsely, that Smith exchanged the jewelry and gemstones for an interest in the company.

25.    Willis caused the jewelry and gemstones to be moved to Missouri and placed in the care of a security firm.

26.    Willis told third parties that Smith donated the jewelry and gemstones or exchanged them for an interest in the medical clinic company, which has made it even more difficult for Smith to obtain the return of his jewelry and gemstones.

27.    Smith has not had possession of the jewelry and gemstones since he first placed them in Willis' safe.

28.     After Willis failed to return Smith's jewelry and gemstones to Smith, Smith contacted law enforcement authorities in an attempt to obtain his property.  The New Mexico Attorney General's office proceeded to prosecute Willis for his crimes against Smith and other victims, and in the course of the proceedings the jewelry and gemstones were placed with the court presiding over the prosecution.

29.     In or around 2013, Smith was forced to make payment in the amount of $1,808.13 to the Missouri security firm in order to preserve the gemstones and jewelry.

## COUNT I
## TROVER AND CONVERSION/EMBEZZLEMENT

30.     The foregoing paragraphs are incorporated as though set forth verbatim.

31.     Smith placed property he owed, including jewelry, gemstones, and books into Willis possession, without the intention of transferring ownership of the property.

32.     Smith entrusted Willis with possession of the property, reasonably expecting its return upon request.

33.     Willis knew that he obtained possession of the jewels and gemstones for safekeeping only, and not as a part of any transfer of ownership.

34.     Willis knew that he obtained possession of the books only for the purpose of reviewing and returning them, and not as part of any transfer of ownership.

35.     Willis converted Smith's property to his own use and for his own financial benefit.

36.     Smith has suffered damages as a result of Willis' conversion.

## COUNT II
## BREACH OF CONTRACT

37.     The foregoing paragraphs are incorporated as though set forth verbatim.

38.     Willis breached his contract to deliver American Gold Eagle coins in exchange for gemstones.

39.     Willis and SCI mutually assented to an agreement in which SCI would sell to Willis gemstones in exchange for certain gold coins.

40.     The agreement was supported by consideration.

41.     SCI fully performed its obligations under the agreement.

42.     Willis only partially performed the agreement, failing to pay three (3) of the gold coins.

43.     Willis' failure to make full payment constitutes breach of contract.

44.     Smith has been damaged as a result of Willis' breach of contract.

45.     Willis breached his contract to compensate Smith with a five (5) percent interest in all of the companies for which Smith provided business and administration services.

46.     Willis and Smith mutually assented to an agreement in which Smith would provide business and administration services to certain companies at Willis' request, and in exchange for his services Smith would receive five (5) percent interests in each of the companies.  Further, Willis and Smith agreed that as part of the contract, Smith would incur certain expenses including travel, lodging, and meal expenses, as well as expenses for a computer and software, which would be reimbursed by Willis.

47.     The agreement was supported by consideration.

48.     Smith provided the services as agreed, thus performing his promises under the contract.

49.     Willis failed to provide Smith with five (5) percent interests in each of the companies for which Smith performed services, and failed to reimburse Smith's expenses, thus failing to perform his promises under the contract.

50.     Willis' actions constitute breach of contract.

51.     Smith has been damaged as a result of Willis' breach of contract.

## COUNT III
## UNJUST ENRICHMENT AND QUANTUM MERUIT

52.     The foregoing paragraphs are incorporated as though set forth verbatim.

53.     Willis has retained the possession, benefit, and/or use of property belonging to Smith and SCI, including gold coins, jewelry,  gemstones (both the gemstones for which Willis failed to pay SCI, and the gemstones he contended were "donated" or exchanged), a computer and software, ownership interests, Smith's time and labor, and valuable books and the recipes therein.

54.     The above services and materials are valuable.

55.     The above services and materials were rendered and provided for the benefit of Willis, at his request, and were used and enjoyed by him.

56.     The above services and materials were rendered and provided under such circumstances as Smith reasonably expected to be paid by Willis, and Willis reasonably should have expected to make payment.

57.     Justice requires that Willis not retain the benefits of the foregoing property and labor, and that the same be returned to Smith, or judgment entered in his favor for the value of the same.

## COUNT IV
## FRAUD

58.     The foregoing paragraphs are incorporated as though set forth verbatim.

59.     Willis represented to Smith that Smith's jewelry and gemstones would be protected for Smith's benefit in Willis' safe.

60.     Willis' representation induced Smith to place his jewelry and gemstones in Willis' safe.

61.     Smith reasonably relied to his detriment upon Willis' representation by placing his jewelry and gemstones in Willis possession and control.

62.     Willis knew that Smith relied on his representation of safekeeping, and that such reliance induced Smith to place the jewelry and gemstones in Willis' possession and control.

63.     Willis' representation was false when made.  Willis knew he would not keep Smith's jewelry and gemstones safe for Smith.

64.     Smith has suffered damages as a result of Willis' fraud.

## COUNT V
## PRIMA FACIE TORT

65.     The foregoing paragraphs are incorporated as though set forth verbatim.

66.     In the event Willis' conduct complained of herein is deemed to be lawful, then in that case it was performed intentionally by Willis, without justification, and with an intent to injure Smith.

67.     Smith was in fact injured as a result of Willis' conduct.

## PUNITIVE DAMAGES

68.     The foregoing paragraphs are incorporated as though set forth verbatim.

69.     Willis' conduct complained of herein was performed, knowingly, intentionally, wantonly, recklessly, and for the intended purpose of causing damage to Smith, and as such, Smith is entitled to an award of punitive damages.

WHEREFORE, Quentin Smith and Storey & Clyde, Inc. respectfully request the court to enter judgment in their favor and against the counter-defendants, for an award of compensatory and punitive damages to be determined at trial, or as an offset of any damages awarded to Plaintiffs on their Complaint, for their costs and such attorneys fees as may be allowed by law, and for such other and further relief as the court may deem just.

Respectfully submitted,

GONZALES LAW FIRM, LLC

By: _/s/ Steven L. Gonzales_____
                Steven L. Gonzales
                3840 Masthead St. NE
                Albuquerque, NM 87109
                Ph: 505-417-3898

Certificate of Service

I certify that on this March 29, 2016, I caused the foregoing pleading to be served on all parties of record by fining the same in the CM/ECF system.

_Steven L. Gonzales_____
Steven L. Gonzales