IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BOBBY L. WILLIS, Individually and as trustee of the
BOBBY L. WILLIS AND CARRIE S. WILLIS TRUST,
WILLIS ASSET MANAGEMENT, LLC, JTB
DEVELOPMENT PROPERTIES 3, LLC, and JTB
DEVELOPMENT PROPERTIES 4, LLC,

    Plaintiffs,

v.                                                                                   No. CIV 16-167 JP/LF

QUENTIN SMITH and STOREY & CLYDE, INC.,

    Defendants.

and

QUENTIN SMITH and STOREY & CLYDE, INC.,

    Counter-Claimants,

v.

BOBBY WILLIS,

    Counter-Defendant.

## MEMORANDUM OPINION AND ORDER

On November 15, 2016, Defendants filed a SECOND MOTION TO DISMISS: CLAIMS CONCERNING ALLEGED INVESTMENT AND CONSTRUCTIVE TRUST OF GEMSTONES, JEWELRY, AND ORGANS (Doc. No. 35) (Second Motion to Dismiss). Plaintiffs had until November 30, 2016 to file a response to the Second Motion to Dismiss. However, at the request of counsel for the Plaintiffs, counsel for Defendants agreed to extend the deadline for filing a response to December 6, 2016. Plaintiffs failed to file a response by December 6, 2016, and on December 9, 2016, counsel for Defendants inquired, by email, when Plaintiffs would respond. Doc. No. 52, Ex. 1. Not having received a response to counsel's

inquiry by December 19, 2016, counsel for Defendants sent an email to counsel for Plaintiffs stating that since the extension for filing a response "ran out thirteen days ago" Defendant Quentin Smith decided to file a notice of completion of briefing. *Id.* Plaintiffs' counsel responded by stating "We are investigating this." *Id.*

On December 19, 2016, Defendant Smith filed a NOTICE OF COMPLETION OF BRIEFING (Doc. No. 48). The following day, December 20, 2016, "Plaintiff" filed a MOTION TO FILE A RESPONSE OUT OF TIME (Doc. No. 49) (Motion to File). The Motion to File does not identify who or which among the four Plaintiffs filed the Motion to File. With respect to the delay, "Plaintiff" states there was "confusion regarding the motion to extend deadlines." *Id.* ¶ 4. According to the Motion to File, when "Counsel became aware that Defendants' counsel expected a response [to the Second Motion to Dismiss], [Plaintiffs' counsel] acted accordingly to immediately draft and file a response." *Id.* This is not entirely accurate since counsel for Plaintiffs had requested and received an extension of time to file the Response until December 6, 2016, was reminded on December 9, 2016 about the failure to file the Response, and yet, did not seek an additional extension of time until December 20, 2016.

On December 21, 2016, Plaintiffs filed an unauthorized RESPONSE TO DEFENDANTS' MOTION TO DISMISS CLAIM REGARDING GEMSTONES, JEWELRY, AND ORGANS. (Doc. No. 50) (Response to Second Motion to Dismiss). Plaintiffs argued in part that Defendants filed their Second Motion to Dismiss more than nine months after service of the Complaint, which Plaintiffs believe Rule 12(b) prohibits as untimely. *Id.* at 1–2.

On December 21, 2016, Defendants filed DEFENDANTS QUENTIN SMITH AND STOREY & CLYDE, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' *MOTION TO FILE RESPONSE OUT OF TIME* (Doc. No. 52) (Response to Motion to File). Defendants argue that the Court should deny Plaintiffs' Motion to File because Plaintiffs have had three chances to

file a response (the original 30 days,[1] the extension to December 6, 2016, and the reminder nine days after the extended deadline), and yet failed to do so (until December 21, 2016). Defendants assert that Plaintiffs' failure to file a timely response is part of a pattern of failures to participate in good faith. *Id.* ¶ 2. Defendants also contend that Defendant Smith already has been prejudiced in these proceedings and that he will suffer additional prejudice if the Court considers Plaintiffs' late, unauthorized Response to the Second Motion to Dismiss.

On December 28, 2016, Plaintiffs filed PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO MOTION TO FILE OUT OF TIME (Doc. No. 54) (Reply to Motion to File). Plaintiffs argue that Defendants have not articulated any legitimate basis for denying their Motion to File. They further assert that "it is especially curious that Defendants would object to such an insignificant lapse in timeliness when … Defendants' [Second] Rule 12(b)(6) motion to dismiss – was filed more than nine months after service of the Complaint and thus is untimely under Rule 12(b)." *Id.* at 1. In support of this argument, Plaintiffs cite to an opinion wherein this Court noted that "Rule 12(b) states that motions under that provision 'must be made before pleading if a responsive pleading is allowed,' and courts frequently apply this plain-language interpretation of the Rule to untimely motions to dismiss." *Id.* at 3 (*citing Cunningham v. New Mexico,* No. CIV 13-142 JP/WPL (Doc. No. 36) (D.N.M. Dec. 4, 2013)).

## Discussion

Plaintiffs' decision to go on the attack when they missed an extended deadline they sought and when they failed to file an immediate response even after being reminded is curious. The Court expects parties to abide by the deadlines established by the Federal Rules of Civil Procedure and the corresponding Local Rules of the District of New Mexico. Even when an

---

[1] The local rules allow only fourteen days, not thirty days, to file a response to a motion. D.N.M. LR-Civ. 7.4(a).

3

attorney believes a "lapse in timeliness" is "insignificant" or inconsequential, an attorney is not at liberty to disregard deadlines, particularly where a party requests and obtains an extension of time.

In addition, Plaintiffs' argument that Defendants' Second Motion to Dismiss is untimely is unpersuasive. Notwithstanding the fact that Defendants' filed a Rule 12(b)(6) motion to dismiss after the pleadings had closed, it is not uncommon for courts to treat Rule 12(b)(6) motions as Rule 12(c) motions. *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002) (observing that a defendant's Rule 12(b) motion filed after an answer should generally be treated as a Rule 12(c) motion for judgment on the pleadings). Moreover, Rule 12(h) expressly permits a court to consider the defense of failure to state a claim upon which relief can be granted in a Rule 12(c) motion for judgment on the pleadings. Fed. R. Civ. P. 12(h)(2)(B). The distinction between Rule 12(b) and Rule 12(c) motions is purely formal since the Court reviews both motions under the same standard. *Jacobsen,* 287 F.3d at 941 n.2.

Furthermore, Plaintiffs' insistence that Defendants' Second Motion to Dismiss is untimely under Rule 12 is inconsistent in view of Plaintiffs' failure to raise that argument in response to Defendants' First Motion to Dismiss.[2] To the extent that Plaintiffs intended to argue that Defendants are not allowed to file successive motions under Rule 12, the Tenth Circuit Court of Appeals, in *Albers v. Bd. of Cty. Comm'rs of Jefferson Cty., Colo.*, 771 F.3d 697, 701 (10th Cir. 2014), rejected that position. (noting that while Rule 12(g)(2) precludes successive Rule 12 motions, the rules allow parties to raise a defense of failure to state a claim by a motion for judgment on the pleadings under Rule 12(c)).

---

[2] Defendants' First Motion to Dismiss was filed about two months before the Second Motion to Dismiss. By Plaintiffs' calculations, this means the First Motion to Dismiss was seven months late.

Finally, the Court also reviewed its decision in *Cunningham v. New Mexico,* but finds it easily distinguishable from the present circumstances. In *Cunningham,* the Court was concerned with several procedural errors committed by the defendants. No. CIV 13-142 JP/WPL (Doc. No. 36 at 3). The defendants had filed two motions to dismiss after the pleadings had closed, one seeking dismissal of state law claims and one seeking dismissal of § 1983 claims. The Court concluded that the defendants' motion to dismiss the state law claims was untimely primarily because the defendants had filed an earlier motion for summary judgment addressing the same state law claims that was pending before the court. Under those circumstances, where a motion to dismiss was filed after a motion for summary judgment, both of which raised the same claims, the best way to resolve "the mess [defendants] ha[d] created" was to deny or dismiss the motion to dismiss the state law claims and address those claims in a ruling on the summary judgment motion. In other words, the procedural posture of *Cunningham* that was "especially muddled by Defendants' erroneous filings"[3] dictated the result. But, consistent with *Jacobsen*, the Court still converted defendants' motion to dismiss the federal law claims to a Rule 12(c) motion for judgment on the pleadings. Thus, Plaintiffs' reliance on *Cunningham* is unavailing.

The Court concludes, therefore, that Plaintiffs' counsel's "confusion" did not excuse the untimely filing of the Response to the Second Motion to Dismiss. Moreover, Plaintiffs' Motion to File and Plaintiffs' argument in their Reply that Defendants' Second Motion to Dismiss was untimely, are not supported by law or the circumstances. While the Court will consider Plaintiffs' Response to the Second Motion to Dismiss, the Court will also consider imposing

---

[3] The only thing that the circumstances in *Cunningham* may have in common with those in the present proceeding is the creation of a sense of muddled bewilderment on the part of the judge when trying to comprehend Plaintiffs' 97 paragraph Complaint (Doc. No. 1-1) and 46 pages of attachments to the Complaint.

5

sanctions because of Plaintiffs' counsel's conduct in failing to meet a filing deadline and in unnecessarily complicating these proceedings.

Accordingly, in order to promote justice and judicial efficiency and in an attempt to deter unnecessary litigation expenses, the Court contemplates exercising its inherent authority to impose monetary sanctions. Plaintiffs must show cause in writing by January 10, 2017, why they and/or their attorney should not be sanctioned in the amount of Defendants' reasonable attorney's fees and costs incurred in opposing Plaintiffs' Motion to File.

IT IS THEREFORE ORDERED that:

(1) Plaintiff's [sic] MOTION TO FILE RESPONSE OUT OF TIME (Doc. No. 49) is granted to the extent the Court will consider Plaintiffs' Response to the Second Motion to Dismiss (Doc. No. 50);

(2) Defendants have until January 10, 2017, to file a Reply in support of the Second Motion to Dismiss; and

(3) Plaintiffs must show cause in writing by January 10, 2017, why they and/or their attorney should not be sanctioned in the amount of Defendants' reasonable attorney's fees related to the filing of Defendants' Response to Plaintiffs' Motion to File.

_____
SENIOR UNITED STATES DISTRICT JUDGE