IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BOBBY L. WILLIS, Individually and as trustee of the
BOBBY L. WILLIS AND CARRIE S. WILLIS TRUST,
WILLIS ASSET MANAGEMENT, LLC, JTB
DEVELOPMENT PROPERTIES 3, LLC, and JTB
DEVELOPMENT PROPERTIES 4, LLC,

    Plaintiffs,

v.                                                                                                                          No. CIV 16-167 JP/LF

QUENTIN SMITH and STOREY & CLYDE, INC.,

    Defendants.

and

QUENTIN SMITH and STOREY & CLYDE, INC.,

    Counter-Claimants,

v.

BOBBY WILLIS,

    Counter-Defendant.

## MEMORANDUM OPINION AND ORDER

In the MEMORANDUM OPINION AND ORDER (Doc. No. 56), entered December 30, 2016, the Court required Plaintiffs to show cause why they and/or their attorney should not be sanctioned in the amount of Defendants' reasonable attorney's fees incurred in opposing Plaintiffs' MOTION TO FILE A RESPONSE OUT OF TIME (Doc. No. 49) (Motion to File). The Plaintiffs' Motion to File had resulted as a consequence of Plaintiffs' failure to meet an extended filing deadline. The Court determined, in part, that Plaintiff's conduct had unnecessarily complicated these proceedings. Doc. No. 56 at 6.

PLAINTIFFS' RESPONSE TO [THE] ORDER TO SHOW CAUSE (Doc. No. 62) (Response) was filed January 10, 2017. The Court asked Defendants to submit a reply, and DEFENDANTS['] REPLY TO PLAINTIFF'S [sic] RESPONSE TO ORDER TO SHOW CAUSE (Doc. No. 74) (Reply) was filed January 30, 2017.

In their Response, Plaintiffs and their counsel agree they should abide by deadlines. Response ¶ 1. They explain that the "the only reason for the untimely response was confusion and that "the request for an overall extension of time along with other issues resulted in 'a perfect storm' resulting in the late filing." Response ¶ 6.

Plaintiffs state that, due to Plaintiff Bobby Willis' ongoing medical problems, their attorney had a difficult time collecting "all the necessary background information" to prepare their response to Defendants' Second Motion to Dismiss for Failure to State a Claim. Response ¶ 7a. Plaintiffs attach a "Patient Itinerary" from Mayo Clinic in Phoenix, Arizona displaying appointments scheduled for Mr. Willis to be seen at Mayo Clinic on January 5, 2017. Response, Ex. 1. However, the fact that Mr. Willis was to be seen at Mayo Clinic in January 2017 has no bearing on the assertion by Plaintiffs' counsel that Mr. Willis' ongoing medical problems somehow interfered with his attorney's attempt to collect some kind of "background information" from him in early December 2016. Nor does Plaintiffs' counsel explain what kind of "background information" was necessary to respond to the legal arguments presented in a Rule 12(b)(6) Motion to Dismiss.[1]

---

[1] Recently Plaintiffs filed REPORT REGARDING PLAINTIFF'S MEDICAL STATUS (Doc. No. 75 ¶ 3) which indicates that Mr. Willis was "in fact hospitalized at the Mayo Clinic" from January 6–9, 2017. Again, Mr. Willis's appointments on January 5, 2017 and his subsequent hospitalization at Mayo Clinic do not explain Plaintiffs' counsel's failure to meet the extended filing deadline of December 6, 2016, or his attorney's decision to set forth baseless arguments in Plaintiffs' Motion to File a Response Out of Time (Doc. No. 49), which resulted in unnecessarily complicating this proceeding. *See* December 30, 2016 decision at 5–6.

Plaintiffs also assert that their attorney was working on filing a timely response to the Second Motion to Dismiss, without having to request an extension of the deadline, when Plaintiffs' counsel "realized that additional information and possibly research might be necessary …." Response ¶ 7b. Plaintiffs' counsel states that he therefore obtained an extension to December 6, 2016 to file Plaintiffs' response. *Id*. Plaintiffs' counsel supplies no detail as to what "additional information" or research was necessary, but he says that he failed to update his office's calendaring system with the extended deadline of December 6, 2016. *Id.*

The extended deadline of December 6, 2016 came and went without a response being filed. On Friday, December 9, 2016, defense counsel sent Plaintiffs' counsel an email inquiring, among other things, when Plaintiffs would be responding "to the recently filed MSJ[,]" mistakenly referring to the Second Motion to Dismiss as a Motion for Summary Judgment (MSJ). *See* Doc. No. 52, Ex. 1. Since the email was sent at 4:27 p.m. on a Friday, Plaintiffs' counsel did not read it until the following Monday, and states he "was confused" by the reference to a recently filed MSJ. This supposedly led Plaintiffs' counsel to the "incorrect conclusion that he had more time to respond to a 'recently filed' pleading than he actually did." Response ¶ 7c. But, the electronic docket does not reveal any pending motions at that time other than the Second Motion to Dismiss; and, Plaintiffs do not explain why their attorney believed he had more time to respond to some other motion. Plaintiffs offer no insight about why Plaintiffs' counsel was unaware that he had failed to respond to the pending Second Motion to Dismiss by the extended deadline of December 6, 2016 that Plaintiffs' counsel sought and had obtained. Plaintiffs' counsel's explanations about confusion and his office's failure to calendar the extended deadline do not excuse Plaintiffs' counsel's conduct in missing the deadline or in asserting baseless arguments in Plaintiffs' Motion to File Out of Time.

3

Plaintiffs' counsel urges the Court to understand that the filing of a late response was a "rare occurrence by this attorney" and that this conduct "hopefully" will not be repeated. Response ¶ 9. Counsel states that he has practiced law for over 34 years and he has never been sanctioned by a court and never purposefully ignored or missed a deadline. *Id.* ¶¶ 3, 8. He hopes to "keep his slate clean of ever having been sanctioned." *Id.* ¶ 9. Defendants counter that Plaintiffs' counsel has also failed to respond timely to discovery requests, which required Defendants to file a Motion to Compel.[2] Reply ¶ 4. Defendants propose that Plaintiffs' counsel's many years of practice do not excuse his failures, but instead constitute an "aggravating factor" in determining whether to impose sanctions. *Id.*

Defendants ask the Court to impose a sanction of attorneys' fees incurred in having to respond to Plaintiffs' Motion to File. This request is based on 5.2 hours of attorney's time, at a rate of $230.00 per hour, for a total fee amount of $1,196.00. However, Defendants have not supported their request with an affidavit verifying Defendants' counsel's usual hourly rate. In addition, Defendants' counsel has not itemized by date, hours, and description of services the time he devoted to opposing Plaintiffs' Motion to File. A sanction of reasonable attorney's fees should be based on an affidavit from defense counsel to which Plaintiffs' counsel should have an opportunity to respond.

IT IS ORDERED THAT:

1. Plaintiffs and their counsel have failed to show good cause why sanctions in the nature of reasonable attorney's fees incurred by Defendants in opposing Plaintiffs' Motion to File should not be awarded;

---

[2] Defendants' Motion to Compel is pending before the assigned United States Magistrate Judge who will decide the Motion to Compel.

4

2. By February 15, 2017, Defendants' counsel must file an affidavit verifying his usual hourly rate and itemizing by date, hours, and description of services the time he spent preparing Defendants' opposition to Plaintiffs' Motion to File; and

3. By February 21, 2017, Plaintiffs and their counsel may respond to Defendants' counsel's affidavit.

_____
SENIOR UNITED STATES DISTRICT JUDGE